**UNITED STATES of America,**
Appellee,

v.

Daron PEARSON, Sean Pearson, Leteisha Hunte, Sirmair Johnson, Dumonese Desir, Donnie Reillo, Charles Richardson, Rod Smith, Defendants,

**Larry Williams, Defendant–Appellant.**

**No. 05–2604–CR.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Peter E. Quijano, Quijano & Ennis P.C., New York, NY, for Defendant–Appellant.

Pamela Chen, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief; Susan Corkery, Assistant United States Attorney), Brooklyn, NY, for Appellee, of counsel.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Eastern District of New York (Dearie, J.) is **AFFIRMED.**

Defendant-appellant Larry Williams appeals from a judgment of conviction, entered after a jury trial, finding Williams guilty of one count of conspiracy to distribute and possess with intent to distribute

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

1. Williams does not claim that the district judge improperly instructed the jury on the

fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Williams asserts that the evidence presented by the government at trial was insufficient to establish his membership in the conspiracy charged by the indictment, and, if credited, demonstrated his involvement only in "a separate, more limited, uncharged conspiracy."[1] We disagree. Viewing the evidence in the light most favorable to the government, we conclude that there was ample evidence to support the jury's determination that Williams was a member of the conspiracy alleged in the indictment. *See United States v. Morgan,* 385 F.3d 196, 204 (2d Cir.2004) (stating that a "conviction must be affirmed if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation and internal quotation marks omitted; emphasis in original)).

The government presented evidence of Williams' involvement in an ongoing conspiracy to distribute crack cocaine in the form of, *inter alia,* telephone records documenting constant communication between Williams and a co-conspirator, letters sent from Williams to two co-defendants acknowledging that the co-defendants knew of Williams' drug trafficking activity, and Williams' post-arrest statement, in which he admitted that he had previously sold crack with a known associate of Daron Pearson, the head of the conspiracy. This evidence corroborated accomplice witnesses' testimony that Williams and other members of the conspiracy coordinated

---

issue of multiple conspiracies. He argues only that the jury "did not correctly apply the facts elicited at trial to the law."

their drug dealing activity and were mutually dependent on each other. *See United States v. Walker,* 142 F.3d 103, 112 (2d Cir.1998) (stating that to prove the existence of a single conspiracy, "the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal" (citation and internal quotation marks omitted)). From this evidence, the jury could reasonably conclude that Williams participated in a conspiracy to distribute cocaine base. *See United States v. Anglin,* 169 F.3d 154, 159 (2d Cir.1999) (deferring "to the jury's determinations of the weight of the evidence and the credibility of witnesses, as well as to the jury's choice of the competing inferences that can be drawn from the evidence").

■ Williams further argues that the admission of plea allocutions of four co-conspirators violated his rights under the Sixth Amendment's Confrontation Clause. We review Confrontation Clause claims that are not raised below for plain error. *United States v. Dukagjini,* 326 F.3d 45, 61 (2d Cir.2003). It is undisputed that the plea allocutions were improperly admitted under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), a case that was decided after Williams' trial. Nevertheless, we hold that the admission of the plea allocutions did not constitute plain error because it did not affect Williams' "substantial rights." *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).[2] First, the plea allocutions did not identify Williams as a member of the conspiracy. Second, the government presented over-

whelming evidence aside from the plea allocutions to establish that Williams was involved in a crack distribution conspiracy. Thus, we conclude that the error did not contribute to the verdict obtained against Williams. *See Bruno,* 383 F.3d at 79 (noting that an error affects a defendant's substantial rights only "if it is prejudicial and it affected the outcome of the district court proceedings" (citation and internal quotation marks omitted)).

For the reasons stated above, we AFFIRM the judgment of the district court.

---

2. In cases where "the source of the alleged error is a supervening judicial decision that alters a settled rule of law in the circuit, we have in the past applied a modified plain error rule in which the Government bears the burden of persuasion as to whether substantial rights have been affected." *United States v. Bruno,* 383 F.3d 65, 79 n. 8 (2d Cir.2004) (citations and internal quotation marks omitted). We decline to decide the continued viability of the "modified plain-error" approach because, even absent the allocutions, other evidence in this case was sufficient to demonstrate the existence of the conspiracy regardless of the allocation of burden.